## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| Dale A. Williams, Sr., | Case No. 21-cv-1567 (WMW/DTS) |
| Plaintiff, | |
| | **ORDER AFFIRMING MAGISTRATE** |
| v. | **JUDGE'S ORDER** |
| Carlton County, | |
| Defendant. | |

Before the Court is Plaintiff Dale A. Williams, Sr.'s appeal of United States Magistrate Judge David T. Schultz's July 26, 2021 Order denying Williams's motion to appoint counsel.  (Dkt. 8.)  For the reasons addressed below, the Court affirms the magistrate judge's July 26, 2021 Order.

A district court must consider timely objections to a magistrate judge's ruling on a nondispositive pretrial matter and shall modify or set aside any part of the magistrate judge's ruling that is either clearly erroneous or contrary to law.   28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007).   A magistrate judge's ruling is clearly erroneous when, although there is evidence to support the ruling, after examining the entire record, the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted).  A magistrate judge's ruling is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure."

*Id.* (internal quotation marks omitted). When reviewing an appeal of a magistrate judge's ruling on a nondispositive issue, the district court's standard of review is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). Because Williams is proceeding *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

There is neither a constitutional right nor a statutory right to appointed counsel in a civil case. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). But, in its discretion, a district court may appoint counsel to represent an indigent prisoner in a civil case. *Id.* When considering such a motion, courts should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). Among the relevant criteria that a court considers are "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794.

Williams argues that the magistrate judge erred in concluding that, because Williams paid the filing fee in this action, there is no reason to believe that Williams cannot afford counsel. The record supports this conclusion. But even if the magistrate judge erred in so concluding, Williams's inability to afford counsel does not control the outcome of this Court's analysis. This case does not present factual or legal issues that are so complex as to warrant appointing counsel. In addition, Williams has not

demonstrated an inability to investigate the facts or present his claims.  The balance of the *Phillips* factors, therefore, weigh against appointing counsel.

For these reasons, the Court affirms the magistrate judge's order denying Williams's motion to appoint counsel.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that the magistrate judge's July 26, 2021 Order, (Dkt. 7), is **AFFIRMED**.

Dated:  October 27, 2021                                s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge