UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dale A. Williams, Sr., | Case No. 21-cv-1567 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING MAGISTRATE JUDGE ORDER** |
| Carlton County, | |
| Defendant. | |

This matter is before the Court on Plaintiff Dale A. Williams, Sr.'s, appeal of the October 20, 2022 Order of United States Magistrate Judge David T. Schultz, which denied Williams's motion for refund. (Dkt. 2.) For the reasons addressed below, the October 20, 2022 Order is affirmed.

## BACKGROUND

Plaintiff Dale A. Williams, Sr., is a civilly-committed individual who resides at the Minnesota Sex Offender Program in Moose Lake, Minnesota. Defendant Carlton County is a municipal corporation within Minnesota.

Williams filed a complaint challenging the legality of his commitment. Williams did not apply for need-based *in forma pauperis* (IFP) assistance at the outset of this action. After a number of preliminary filings, the magistrate judge issued a Report and Recommendation (R&R) recommending dismissal of Williams's complaint. Before the district court ruled on the R&R, Williams voluntarily dismissed his complaint.

Williams then moved for a full or partial refund of his filing fee. The magistrate judge issued an Order on October 20, 2022, denying Williams's motion. The Order identifies two reasons for the denial. First, the Order observes that although 28 U.S.C. § 1915 permits indigency-based fee waivers, no statute permits a district court to refund filing fees already paid. Second, the Order states that even if a district court possessed the inherent authority to refund a filing fee, the magistrate judge would decline to do so as Williams did not apply for IFP status at the outset of this action and voluntarily dismissed his complaint after protracted pretrial proceedings. Williams now appeals the October 20, 2022 Order to this Court.

## ANALYSIS

A district court must consider timely appeals to a magistrate judge's ruling on a nondispositive pretrial matter and shall modify or set aside any part of the magistrate judge's ruling that is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). Review of a magistrate judge's ruling on a nondispositive issue is "extremely deferential," *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008), and a ruling will be modified or set aside only if it is clearly erroneous or contrary to law, 28 U.S.C. § 636(b)(1)(A). A magistrate judge's ruling is clearly erroneous when, although there is evidence to support the ruling, after examining the entire record, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A

magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure. *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010).

Williams argues that the magistrate judge inappropriately applied the Prison Litigation Reform Act (PLRA) in the October 20, 2022 Order. Because he is not a prisoner, Williams argues, the PLRA's bar on fee refunds should not apply to his motion. But Williams's argument is incorrect. The magistrate judge's order does not mention the PLRA. And for non-prisoners, filing fees "are authorized by 28 U.S.C. § 1914, and are part of the costs of litigation." *Stanko v. Sheridan Cnty.*, No. 8:20CV294, 2020 WL 5653499, at *3 (D. Neb. Sept. 23, 2020); *see also Roblero-Barrios v. Pingry*, Civ. No. 07-4311 MJD/FLN, 2008 WL 398649, at *2 n.1 (D. Minn. Feb. 12, 2008). Nothing in the operative statute, 28 U.S.C. § 1914 provides for the refund of filing fees. *See Duclairon v. LGBTQ Cmty. & Grace Cmty. Church Klan*, No. 3:18-CV-01095-AC, 2018 WL 5085754, at *1 (D. Or. Oct. 17, 2018). "To the contrary, numerous courts have discussed that a district court lacks the authority to refund a filing fee after a voluntary dismissal." *Id*. (collecting cases). The cases that Williams cites in support of his motion are inapposite or otherwise unpersuasive. The magistrate judge, therefore, appropriately applied the law in the October 20, 2022 Order.

For this reason, Williams's appeal is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff Dale A. Williams, Sr.'s, appeal of United States Magistrate Judge David T. Schultz's October 20, 2022 Order, (Dkt. 32), is **DENIED**.

2. The October 20, 2022 Order of United States Magistrate Judge David T. Schultz, (Dkt. 31), is **AFFIRMED**.

Dated: January 10, 2023  
s/Wilhelmina M. Wright  
Wilhelmina M. Wright  
United States District Judge